# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**DERRICK EUGENE CULLINS,**

    **Plaintiff,**

vs.                                                             Case No. 4:19cv406-AW-CAS

**WARDEN J. COKER,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a civil rights complaint, ECF No. 1, in late August 2019. Plaintiff did not, however, file a motion requesting leave to proceed in forma pauperis status, nor did Plaintiff pay the filing fee for this case. An Order was entered on September 12, 2019, directing Plaintiff to do one or the other to proceed with this case. ECF No. 3. Plaintiff's deadline to comply with that Order was **October 15, 2019**. *Id.* As of this date, Plaintiff has not complied.

Plaintiff was advised that no further action would be taken on this case until he either paid the $400 filing fee or filed an in forma pauperis motion supported by his financial affidavit and inmate bank account

statement. ECF No. 3. He was warned that if he did not comply, an Order would be entered recommending dismissal. *Id.* Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . . " Link v. Wabash R.R. Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1. Because Plaintiff did not comply with a Court Order and has failed to prosecute this case, dismissal is now appropriate.

**Recommendation**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on March 16, 2020.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:19cv406-AW-CAS